IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD B. BURGESS,

                Plaintiff,

  v.

STACY HOEM, RUBIN SCOTT, DR. MINK,
LT. SCULLION, CAPTAIN ESSER, JOLINDA
WATERMAN, and REBECCA TRACY-FELDMAN,

                Defendants.

OPINION and ORDER

18-cv-527-jdp

---

Plaintiff Edward Burgess, appearing pro se, is incarcerated at Wisconsin Secure Program Facility (WSPF). I granted him leave to proceed on Eighth Amendment deliberate indifference and First Amendment retaliation claims against various WSPF officials based on his allegation that they failed to respond adequately to his medical and mental health needs, and that they retaliated against him when he complained about their responses. *See* Dkt. 10 and Dkt. 32.

Several motions are pending before the court. Defendants have filed a motion for partial summary judgment based on Burgess's alleged failure to exhaust his administrative remedies. Dkt. 35. Burgess has filed (1) a renewed motion for assistance in recruiting counsel, Dkt. 40; (2) a motion to compel, Dkt. 42; (3) a motion for extension of time to file an amended complaint, Dkt. 54; (4) a motion for clarification, Dkt. 55; (5) a proposed second amended complaint, Dkt. 63; and (6) a motion seeking relief for the failure of certain defendants to answer his complaint, Dkt. 57.

Some of Burgess's motions raise issues that must be resolved prior to defendants' summary judgment motion, so I will start with them.

**A. Burgess's motion to compel**

On April 11, 2019, Burgess filed a motion to compel alleging that defendants had failed to respond to some of his document requests and were refusing to consult with him about why the requested documents had not been produced. Dkt. 42; Dkt. 43; Dkt. 44. In response, defendants indicated that they had received a letter from Burgess outlining deficiencies in their document production and making additional discovery requests on March 25, 2019. Defendants say that they sent Burgess a letter addressing these concerns and enclosing responses to his additional requests on April 24, 2019. Dkt. 56. Burgess did not file a reply in support of his motion to compel by the May 6, 2019 deadline, so I assume that defendants' response resolved Burgess's concerns. I will therefore deny Burgess's motion to compel as moot.

**B. Burgess's motions concerning his proposed amended complaint**

In my initial screening order, I allowed Burgess to proceed on Eighth Amendment claims against defendants Mink, Scullion, Hoem, and Scott, as well as First Amendment retaliation claims against Mink and Hoem. Dkt. 10. But I dismissed several other defendants from Burgess's case because I concluded that his allegations were not sufficient to state claims against them. Burgess then filed a motion to reconsider my screening order, in which he included new allegations about some of the defendants I had previously dismissed. Dkt. 22. I construed this as a motion to amend the complaint, and in a subsequent screening order, I granted Burgess leave to proceed on additional Eighth Amendment claims against Esser, Waterman, and Tracy-Feldman. Dkt. 32.

Burgess has now submitted three additional filings based on my second screening order: (1) a motion asking for clarification whether he needs to file an amended complaint in response to my second screening order, Dkt. 55; (2) a motion for an extension of time to file an amended

complaint, Dkt. 54; and (3) a proposed amended complaint, Dkt. 63. The proposed amended complaint reiterates the claims on which I have already allowed him to proceed without adding new substantive allegations. Typically, when I allow pro se litigants to amend their complaints, I will consider the operative complaint to be (1) the allegations in the original complaint (Dkt. 9), plus (2) the allegations in the motion to amend (Dkt. 22), as summarized and analyzed in my screening orders (Dkt. 10 and Dkt. 32). This is generally enough to provide defendants with adequate notice of a plaintiff's claims; there is no need for the plaintiff to draft a new, comprehensive complaint document. So I will deny Burgess's motions regarding the proposed amended complaint as unnecessary.

## C. Burgess's motion seeking relief for failure of certain defendants to answer his complaint

On April 26, 2019, while briefing on defendants' exhaustion-based summary judgment motion was still underway, Burgess filed a motion asking me to dismiss or strike the exhaustion motion because the three later-added defendants, Esser, Waterman, and Tracy-Feldman, had failed to answer his amended complaint. Dkt. 57. In response, defendants filed an amended answer, Dkt. 60, along with a notice that the Wisconsin Department of Justice would accept service on behalf of all three later-added defendants, Dkt. 61.

I will deny Burgess's motion to strike or dismiss defendants' summary judgment motion. In general, the proper recourse when a defendant fails to answer a complaint is a motion for entry of default under Federal Rule of Civil Procedure 55(a), not a motion to strike the defendants' pleadings. Here, it is clear from defendants' summary judgment brief that defendants' counsel knew that Esser, Waterman, and Tracy-Feldman were defendants in the case, and that counsel intended to represent them despite the failure to file a timely answer.

3

*See, e.g.*, Dkt. 36, at 2 (defendants' summary of the claims in issue, which includes discussion of the second screening order and the later-added defendants). Burgess does not explain how defendants' technical error has prejudiced him, and I can see no reason why it would have. Courts have discretion to accept untimely pleadings where the delay is attributable to excusable neglect, Fed. R. Civ. P. 6(b)(1)(B), and they will, where possible, err on the side of allowing for adjudication on the merits rather than dinging parties for inadvertent technical errors. *See Romero v. JBS Packerland Inc.*, No. 17-c-729, 2017 WL 3273662, at *2 (E.D. Wis. Aug. 1, 2017) ("While it is important to comply with the deadlines created by the rules or required by the court, it is 'entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities.'" (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)).

For those reasons, I will accept defendants' amended answer, deny Burgess's motion to dismiss or strike defendants' motion for partial summary judgment, and proceed to the merits of the exhaustion issue.

**D. Defendants' motion for partial summary judgment for failure to exhaust administrative remedies**

Defendants have filed a motion for partial summary judgment based on Burgess's alleged failure to exhaust his administrative remedies on some of his claims as required under the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(a). They contend that the only claim that Burgess properly exhausted is his claim that Mink refused to see him on December 5, 2017, prior to his second suicide attempt.

The administrative exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Its

purpose is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537–38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation"). To comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Typically, this includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that a plaintiff failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Here, defendants have provided a declaration from a corrections complaint examiner at the Wisconsin Department of Corrections stating that Burgess filed only one grievance relating to his claims in this lawsuit: a December 8, 2017 inmate complaint alleging that Mink had refused to come to his aid on December 5, 2017, after Burgess indicated that he was suicidal and intended to jump from his sink. The corrections complaint examiner provided a copy of that complaint, *see* Dkt. 37-2, as well as a purportedly complete listing of Burgess's inmate-complaint filing history, *see* Dkt. 37-1. Defendants contend that Burgess did not file any grievances concerning (1) Esser's indifference to Burgess's threats of self-harm on December 4, 2017; (2) Scullion's failure to intervene when Burgess ingested 50 to 60 Tylenol pills on December 4; (3) Waterman and Tracy-Feldman's refusal to provide him with needed medical

care when he returned from the emergency room on December 4; and (4) Mink, Hoem, and Scott's failure to provide Burgess with appropriate psychiatric treatment in the weeks following his suicide attempts.

1. **First Amendment claims**

Defendants' motion ignores Burgess's First Amendment claims entirely. Burgess alleges that Mink and Hoem modified his mental health designation in retaliation for his prior threats to sue them for failing to take his mental health condition seriously. Burgess's complaint filing history shows at least two complaints that could conceivably relate to these allegations. *See* Dkt. 37-1, at 3 and Dkt. 55-1, at 4 (on March 8, 2017, Burgess filed a complaint "[c]halleng[ing] his MH code"); Dkt. 37-1, at 3 and Dkt. 55-1, at 3 (on June 2, 2017, Burgess filed a complaint "[c]laim[ing] he is being denied mental health treatment"). Defendants have not met their burden of establishing that Burgess failed to exhaust his First Amendment claims, so I will deny their motion as to those claims.

2. **Contested Eighth Amendment claims**

As for the contested Eighth Amendment claims, Burgess says that he "file[d] complaints describing each defendants['] actions." Dkt. 59, at 1. But Burgess provides no evidence to support this conclusory allegation, so the court will grant defendants' motion as to those claims.

Burgess attaches several exhibits to his brief, but only one of them has any arguable relevance to this case—a December 19, 2017 grievance in which Burgess alleged that Tracy-Feldman participated in a conspiracy to frame him for illicit drug use by contaminating a blood sample she took from him after his December 4 suicide attempt. *See* Dkt. 51-1, at 11–15. The ICE rejected that complaint on a procedural ground (violating the DOC's two-complaints-per-week limit), so it does not suffice for exhaustion purposes. *See Maddox v. Love*, 655 F.3d 709,

722 (7th Cir. 2011) (noting that when a grievance is rejected on procedural grounds rather than on the merits, the inmate has failed to exhaust). But even if the December 19 grievance hadn't been rejected on procedural grounds, it would not exhaust any of the claims in this case. Burgess's Eighth Amendment claims against Tracy-Feldman (and Waterman) derive from their alleged refusal to send Burgess back to the hospital for follow-up care after his December 4 suicide attempt—an allegation nowhere mentioned or alluded to in the December 19 grievance. (As I have previously explained to Burgess, *see* Dkt. 32, at 3–4, his allegation that Tracy-Feldman and Waterman engaged in a conspiracy to frame him for drug use is not a part of this case.) Nor do any of the other exhibits Burgess attaches to his brief suggest that he filed grievances on the contested Eighth Amendment claims. *See* Dkt. 51-1, at 1–4 (grievance rejection forms from March, April, and June 2017, months before Burgess's December 2017 suicide attempts); *id.* at 5–10 (documents regarding grievances filed by Travis Williams, a non-party inmate, about issues unrelated to this case); *id.* at 16–17 (a notice of electronic filing for Dkt. 33, which is a list of Burgess's discovery requests, none of which relate to exhaustion).

Burgess provides no real explanation for the absence of any record of him filing grievances on the contested Eighth Amendment claims. He simply asserts—in a conclusory and unexplained fashion—that the institution complaint examiner (ICE) and other WSPF staff "confiscated" his grievances and, in some cases, "intentionally thr[ew] them in the garbage or shredd[e]r." Dkt. 59, at 1, 2. He does not provide any affidavit attesting to specific details about the complaints he says he filed—the dates he filed them; what they alleged; who they named; what reason he has to believe that the ICE confiscated or destroyed them; and, assuming they were destroyed, why so many of his other, unrelated complaints are reflected in his complaint-filing history, Dkt. 37-1. He does not provide any letters that he wrote to WSPF

7

officials complaining that his grievances were being destroyed, as one might typically expect a prisoner in that situation to do. Burgess needs to provide more than "[c]onclusory allegations, unsupported by specific facts" to survive defendants' summary judgment motion. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003). He has not done so here, so I will grant defendants' motion as to the contested Eighth Amendment claims and dismiss all the defendants except Mink and Hoem.

**E. Burgess's motion for assistance in recruiting counsel**

In a prior order, I denied Burgess's motion for assistance in recruiting counsel because I concluded that he had not demonstrated that this case is one of the relatively few in which it appears from the record that the legal and factual difficulty exceeds the litigant's demonstrated ability to prosecute it. *See* Dkt. 32, at 4–6. I said that I would considered renewed motions for assistance in recruiting counsel from Burgess in the future, but advised Burgess that he would need to explain what specific litigation tasks he cannot perform himself.

Burgess has now filed a renewed motion for assistance in recruiting counsel in which he makes four arguments. Dkt. 40. First, he contends that his serious mental illness renders him incapable of prosecuting this case on his own. But as I explained in my prior order, many of the prisoners who litigate in this court deal with serious mental health challenges. There simply aren't enough attorneys available to represent them all. The court will generally assist in recruiting counsel only when the claims at issue are especially legally and factually complex on top of any mental health challenges the litigant might face, or when the litigant appears to be wholly incapable of communicating with the court. Burgess's filings demonstrate that he can write clearly and make comprehensible arguments, so I am not persuaded that his mental health challenges make it impossible for him to litigate this case.

8

Second, Burgess contends that the assistant attorney general made inaccurate statements in response to the court's order inquiring about measures WSPF is taking to ensure Burgess's safety. *See* Dkt. 31. But that is not a reason to grant Burgess's motion for assistance in recruiting counsel. Neither is Burgess's third argument, which is that the court should recruit him counsel because his claims have merit. The relative merit of a plaintiff's claims is not among the factors that courts consider in determining whether to recruit counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). Fourth, Burgess contends that he has been unable to conduct adequate discovery to respond to defendants' motion for partial summary judgment on exhaustion grounds. But he does not explain what efforts he made to obtain the documents he needed, or why those efforts were unsuccessful. And based on his lack of response to defendants' opposition to the motion to compel, I infer that any lingering issues about the adequacy of defendants' discovery responses has been resolved without assistance from a lawyer.

It is still relatively early in the litigation, and I cannot yet tell whether Burgess's case will involve complex issues that exceed his capacity. At present, his claims center on the straightforward allegation that defendants failed to respond adequately to his mental health needs and retaliated against him for complaining. So I will deny Burgess's renewed motion without prejudice to him renewing it in the future. If and when Burgess renews his motion, he should be sure to explain with specificity what litigation tasks he cannot perform. Simply stating in general terms that he cannot conduct discovery because he is mentally ill, without explaining what the discovery is, why it is necessary, and how his mental illness prevents him from conducting it himself, will not be enough to convince me to try to recruit volunteer counsel.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Burgess's motion to compel, Dkt. 42, is DENIED as moot.

2. Burgess's motions regarding the filing of an amended complaint, Dkt. 54, Dkt. 55, and Dkt. 63, are DENIED as unnecessary.

3. Burgess's motion to dismiss or strike defendants' motion for partial summary judgment based on certain defendants' failure to file a timely answer, Dkt. 57, is DENIED.

4. Defendants' motion for partial summary judgment for failure to exhaust administrative remedies, Dkt. 35, is GRANTED in part and DENIED in part. Burgess may proceed with his Eighth Amendment claim against defendant Mink and his First Amendment claims against defendants Mink and Hoem. Burgess's remaining claims are dismissed.

5. Defendants Rubin Scott, Lt. Scullion, Captain Esser, Jolinda Waterman, and Rebecca Tracy-Feldman are DISMISSED from the case.

6. Burgess's motion for assistance in recruiting counsel, Dkt. 40, is DENIED.

Entered August 23, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge