IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD B. BURGESS,

                              Plaintiff,

v.                                                                    ORDER

STACY HOEM and DR. MINK,                               18-cv-527-jdp

                              Defendants.

---

      Pro se plaintiff Edward Burgess, an inmate at Wisconsin Secure Program Facility (WSPF), is proceeding on Eighth Amendment deliberate indifference and First Amendment retaliation claims against WSPF officials. On August 23, 2019, I granted part of defendants' motion for partial summary judgment based on Burgess's alleged failure to exhaust his administrative remedies. Dkt. 66. I dismissed all of Burgess's Eighth Amendment claims except for one against defendant Mink. But I denied the motion as to Burgess's First Amendment retaliation claims. Defendants' summary judgment brief made no mention of the retaliation claims, *see* Dkt. 35, and there were entries in Burgess's complaint filing history that I thought might conceivably relate to his retaliation allegations, so I concluded that defendants had not met their burden of establishing Burgess's failure to exhaust them.

      Defendants have now moved for reconsideration of my decision to deny summary judgment on Burgess's retaliation claims, and to stay the October 18, 2019 dispositive motions deadline until their motion for reconsideration is resolved. Dkt. 67. They do not dispute that their summary judgment brief made no mention of the retaliation claims in the section summarizing the claims at issue or anywhere else. But they say that the accompanying declaration of the corrections complaint examiner, Emily Davidson, was sufficient to inform

me that they were indeed providing evidence that Burgess had failed to exhaust those claims. *See* Dkt. 37, ¶¶ 12–19. They also provide a supplemental declaration from Davidson, which attaches copies of offender complaints that I previously noted might conceivably relate to his retaliation claims. *See* Dkt. 68. From this supplement, it appears that those complaints did not exhaust Burgess's retaliation claims, both because they did not mention retaliation and because they were rejected and not appealed.

Motions to reconsider are not meant to be a "vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations and quotation marks omitted). So I'll deny the motion insofar as it is one for reconsideration.

Nevertheless, defendants' motion suggests that my initial concerns that Burgess might have exhausted his retaliation claims were incorrect. So I will construe defendants' motion as a supplement to their original motion, and will give Burgess a short deadline to explain why his First Amendment retaliation claims should not be dismissed for failure to exhaust administrative remedies. I will deny defendants' request to stay the dispositive motions deadline. Once Burgess has had an opportunity to respond to defendants' supplemental exhaustion motion, I will issue a ruling in short order. If the First Amendment claims remain in the case, defendants may seek an extension of time to file their dispositive motion. If the First Amendment claims are dismissed, the dispositive motions deadline will remain October 18, 2019.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Burgess has until September 18, 2019 to file a response explaining why his First Amendment retaliation claims should not be dismissed.

2. Defendants' motion to stay the dispositive motions deadline, Dkt. 67, is DENIED.

Entered September 4, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge