IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD B. BURGESS,

                                 Plaintiff,

v.                                                                       OPINION and ORDER

STACY HOEM and DR. MINK,                                      18-cv-527-jdp

                                Defendants.

---

       Pro se plaintiff Edward Burgess, an inmate at Wisconsin Secure Program Facility (WSPF), is proceeding on Eighth Amendment deliberate indifference and First Amendment retaliation claims against WSPF officials. On August 23, 2019, I granted part of defendants' motion for partial summary judgment based on Burgess's alleged failure to exhaust his administrative remedies. Dkt. 66. I dismissed all of Burgess's Eighth Amendment claims except for one against defendant Mink. But I denied the motion as to Burgess's First Amendment retaliation claims because defendants' summary judgment brief did not mention those claims. Defendants moved to reconsider that portion of my decision, contending that they had intended their summary judgment motion to encompass those claims. Dkt. 67. I construed the motion as a supplement to their original summary judgment motion, and gave Burgess a short deadline to explain why his First Amendment retaliation claims should not be dismissed for failure to exhaust administrative remedies. Dkt. 69.

       Burgess has now filed a response to my order. Dkt. 70. In it, he says that: (1) I should not entertain defendants' supplemental motion when they failed to meet their burden the first time around; (2) the grievances he filed were sufficient to exhaust his retaliation claims; (3) the inmate complaint filing history that defendants provided in support of their motion is "not

accurate at all" because it "do[esn't] document confiscated grievances," Dkt. 70, at 2, 8; and (4) I should reconsider my decision to dismiss his Eighth Amendment claims against Esser, Scullion, Mink, Waterman, Hoem, and Ash because he did exhaust his claims against them.

As for Burgess's first contention that I should not entertain defendants' supplemental motion, there is no categorical rule that a party cannot supplement or renew a past motion. Although piecemeal litigation should generally be avoided, the purpose of a motion for summary judgment for failure to exhaust administrative remedies is to ensure that "[n]o action . . . with respect to prison conditions under section 1983" is brought "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). My goal is to apply the law correctly, not to discipline the parties for minor missteps in the course of litigation.

As for Burgess's second contention, he does not put forward any evidence that he filed inmate complaints about his retaliation claims against defendants Mink and Hoem. He lists 11 of his past grievances that he says exhausted all of his claims. But it is clear from the record that those grievances were not sufficient to exhaust any of Burgess's claims. According to Burgess's inmate complaint history, he appealed only three of the eleven grievances: (1) WSPF-2016-23686; (2) WSPF-2017-6690; and (3) WSPF-2017-31858. *See* Dkt. 72-1, at 1–2. The eight unexhausted grievances do not suffice for exhaustion purposes. *See Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005) ("failure to take a timely administrative appeal within the state systems means that [an inmate] has failed to exhaust his state remedies for purposes of § 1997e(a)").

Of the three grievances Burgess did appeal, two were not in the record, so I asked defendants to file them on the docket. Dkt. 73. Defendants have now done so. Dkt. 75. I conclude that none of them exhausted Burgess's First Amendment retaliation claims against

2

Mink and Hoem. To exhaust a claim for retaliation, a grievance must at a minimum identify two things: the protected conduct that provoked the retaliation and the retaliatory act. *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017). In WSPF-2016-23686, Burgess complained that two of his previous complaints should have been labeled "staff misconduct" within the ICRS system but weren't. Dkt. 75-1, at 7. In WSPF-2017-31858, Burgess complained that WSPF officials had retaliated against him by removing his wife from his visitor list based on false allegations that she had brought contraband into the institution. Dkt. 75-1, at 11–12. Neither grievance mentions the retaliation allegations at issue in this case—that Mink and Hoem downgraded Burgess's MH code in retaliation for his complaints and litigation.

In WSPF-2017-6690, Burgess did mention Hoem and his changed MH code. He complained of "disrespect by Dr. Hoem" on March 2, 2017, when Hoem allegedly responded to a psychological services request by telling Burgess to "contact security" rather than offering him immediate mental health treatment. Dkt. 68-3, at 10. In his appeal of the complaint rejection, Burgess wrote:

> I honestly hope after seeing what is really going on in this institution that there will be a complete investigation on the c[o]rrupt staff of this and other institutions of Wisconsin, cause as you can see GBCI staff also tr[i]ed to cover up c[o]rruption, after being a MH-2 for the last five years and was on a 17 day food strike my MH-code was lowered, to a MH-1 aint noway that that should have [o]ccured and when I tr[i]ed to talk to who I thought was a professional my concerns w[ere] i[g]nore[e]d.

*Id.* at 16. But this reference to Burgess's objections to the downgrade of his MH code did not put defendants on notice of his retaliation claim. In his grievance, Burgess identified the act that he now says was retaliatory, but he did not link it to any protected conduct, so it would not have made defendants aware of the nature of Burgess's claims.

3

Burgess's third contention—that his inmate complaint filing history is "not accurate at all"—does not save his claims or entitle him to an evidentiary hearing because he identifies no specific grievances he filed about the claims at issue in this case that are missing from the inmate complaint filing history. He does not provide an affidavit attesting to specific details about the complaints he says he filed—the dates he filed them; what they alleged; who they named; what reason he has to believe that the ICE confiscated or destroyed them; and so forth. Burgess needs to provide more than "[c]onclusory allegations, unsupported by specific facts" to survive defendants' summary judgment motion. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003).

Burgess's fourth contention is that I should reconsider my decision to dismiss his Eighth Amendment claims against Esser, Scullion, Mink, Waterman, Hoem, and Ash. But he provides no reasons why my initial decision to dismiss these claims for failure to exhaust was erroneous. So I will not reconsider my earlier ruling.

Because Burgess failed to exhaust his administrative remedies for his retaliation claims, I will dismiss those claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). I will also dismiss defendant Hoem from the case, as Burgess's only remaining claim is his Eighth Amendment deliberate indifference claim against defendant Mink.

ORDER

IT IS ORDERED that defendants' supplemental motion for partial summary judgment for failure to exhaust administrative remedies, Dkt. 67, is GRANTED. Defendant Stacy Hoem is DISMISSED from the case.

Entered September 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge