IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD B. BURGESS,

                           Plaintiff,

v.                                                          OPINION and ORDER

ANGELA MINK,                                         18-cv-527-jdp

                           Defendant.

---

Pro se plaintiff Edward Burgess, an inmate at Wisconsin Secure Program Facility (WSPF), alleges that Dr. Angela Mink, a WSPF psychologist, failed to intervene to stop Burgess from attempting suicide, in violation of his rights under the Eighth Amendment. Briefing on the parties' cross-motions for summary judgment is currently underway. *See* Dkt. 92 and Dkt. 96. In the meantime, Burgess and his jailhouse lawyer, Travis Williams, have filed several additional motions raising a variety of issues. For the reasons explained below, I will grant Burgess's motion asking me to treat the declarations in support of his motion for summary judgment as timely filed. Dkt. 125. I will deny his remaining motions.

**A. Renewed motions for assistance in recruiting counsel**

Burgess has filed two renewed motions for assistance in recruiting counsel. Dkt. 77 and Dkt. 90; *see also* Dkt. 111, which is a copy of Dkt. 77. I previously denied Burgess's requests for assistance in recruiting counsel because I determined that he had not shown that the legal and factual difficulty of the case exceeds his ability to prosecute it. Dkt. 32, at 4–6 and Dkt. 66, at 8–9. Both times, I told Burgess that I would consider renewed motions for assistance in recruiting counsel in the future, but that he would need to explain what specific litigation tasks he cannot perform himself. I emphasized that simply stating in general terms that he cannot

litigate the case because of his mental illness would not be enough to convince me to try to recruit volunteer counsel.

In his renewed motions, Burgess reiterates the points made in his previous motions: (1) his ability to litigate is hampered by his severe mental illness; (2) his claim has merit; and (3) he has not been able to conduct adequate discovery. As I have explained to Burgess, there simply aren't enough attorneys available to represent the many prisoners in this court dealing with serious mental health challenges, and the relative merit of a plaintiff's claims is not among the factors that courts consider in determining whether to recruit counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). As for his discovery concerns, Burgess again fails to explain what specific discovery tasks he has been unable to perform. He says that I should not have granted defendants' motion for partial summary judgment for failure to exhaust until Burgess had "a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion," for which the assistance of counsel was required. Dkt. 77, at 3. But exhaustion motions are factually simple and generally do not require much discovery. The assistance of counsel wouldn't have saved Burgess's unexhausted claims from dismissal.

Burgess explains that Williams, his jailhouse lawyer, has authored most of his motions, presumably in an effort to show me that Burgess cannot litigate this case without assistance. But the general rule is that a litigant's reliance on a fellow inmate for assistance in drafting legal filings does not factor into a court's analysis when deciding to assist with the recruitment of counsel. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) ("[T]he fact that an inmate receives assistance from a fellow prisoner should not factor into the decision whether to recruit counsel."). This is because receiving assistance from a jailhouse lawyer is not proof that a plaintiff is himself incapable of presenting his case. Burgess does not allege that he is unable to

2

read, write, or understand his claim. And the few filings that Burgess indicates he has written himself show that he can communicate clearly. *See* Dkt. 27; Dkt. 29; Dkt. 45; Dkt. 130-1; Dkt. 130-2.

Finally, Burgess contends that he needs the assistance of counsel to locate witnesses, respond to defendant's motion for summary judgment, and prepare his pretrial filings. As an initial matter, it is too early to be concerned about pretrial filings: trial is still more than six months away. If both motions for summary judgment are denied, I will issue a trial preparation order that will explain in simplified terms the process of preparing for trial. Many litigants in factually similar cases have been able to follow those instructions and present their cases at trial without the assistance of counsel. Burgess says that he needs counsel to locate witnesses, but he does not explain which witnesses he is referring to or what information they might have that would be relevant to his claims. Without that information, I cannot evaluate whether the assistance of counsel is necessary for that purpose. As for Burgess's concerns about responding to defendant's motion for summary judgment, I understand his concerns about the mismatch of his and opposing counsel's legal experience. "Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Burgess has been vigorously litigating this case, and at this point I am not persuaded that he lacks the capacity to respond to defendant's summary judgment motion. I will deny Burgess's motions for assistance in recruiting counsel.

**B. Motion to reconsider my dismissal of Burgess's First Amendment claims**

Burgess has filed what he calls an "expedited motion . . . to stay" my decision on defendants' supplemental motion for summary judgment on Burgess's First Amendment

retaliation claims for failure to exhaust administrative remedies. Dkt. 78. Burgess filed this motion more than a week after I granted the supplemental motion and dismissed Burgess's retaliation claims for failure to exhaust, Dkt. 76, so there was nothing to stay. But because it is clear from the motion that Burgess disagrees with my decision to dismiss his First Amendment claims, I will construe Burgess's motion as a request to reconsider that decision.

Burgess says that I should have held a hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), to allow him to "further explain the contents of his retaliation . . . complaint at WSPF-2017-31858. Documents don't speak and can be misinterpret[ed]." Dkt. 78, at 1. He also says that there are more than 10 other grievances that he thinks exhausted his claims, and that the institution complaint examiners at WSPF give inmate grievances inaccurate titles. These are all arguments that I addressed in my decision dismissing Burgess's First Amendment claims. *See* Dkt. 76, at 2–4. As I explained to Burgess in that decision, to exhaust a claim for retaliation, a grievance must at a minimum identify two things: the protected conduct that provoked the retaliation and the retaliatory act. *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017). Here, the basis of Burgess's First Amendment claim was the allegedly retaliatory downgrade of his MH code. None of Burgess's grievances mentioned that Burgess's MH code had been retaliatorily downgraded. Because it was clear from the record that Burgess's grievances weren't sufficient to put defendants on notice of his First Amendment claims, it was not necessary to hold a hearing. I am not persuaded that my decision to dismiss Burgess's First Amendment claims for failure to exhaust was erroneous, so I will not reconsider my earlier ruling.

## C. Motion requesting that Burgess's jailhouse lawyer be treated as counsel for purposes of this case

Burgess has filed a document titled "motion for special matters" in which he asks me to order that the clerk of court and defendant's counsel send copies of all decisions and filings directly to Williams. Dkt. 79. He also asks that I issue an order compelling the legal coordinator at WSPF to allow Williams to watch the surveillance footage of Burgess's December 5, 2017 suicide attempt. I will deny both requests. Burgess is free to consult with and receive assistance from Williams, but Williams cannot appear on Burgess's behalf or be treated as counsel for purposes of this case. I understand that Williams and Burgess are housed in different units and must communicate with each other in writing, which makes it difficult to coordinate effectively. But Williams is not entitled to the same privileges as an attorney, and I will not interfere with prison administration simply because Williams happens to be helping Burgess with this case. Burgess will have to make do with sending Williams copies of the filings and describing the contents of the surveillance video to him.

## D. Motion to compel defendant to produce first-responder ambulance records

Burgess has filed a motion to compel defendant to produce ambulance records from December 5, 2017. He says that these records are relevant because they would show "what exactly [his] injuries were on 12/5/17, and the treatments he was receiving while being transported to Gunderson Boscobel Wisconsin Hospital under serious emergent care." Dkt. 85, at 2. Defendant says that ambulance records are irrelevant because it is undisputed that Burgess was transported by ambulance on December 5, and that in any event, such records are maintained by the non-party ambulance service that transported Burgess to the hospital, not

by WSPF. Dkt. 87. Defendant's counsel says that he provided Burgess with the name of the ambulance service as a courtesy back in April so that Burgess could contact the service directly.

Defendant is correct that Federal Rule of Civil Procedure 34 requires only that parties in litigation produce documents or information that are in their "possession, custody, or control." It does not oblige parties to obtain records they don't have access to. In his reply brief, Burgess asks the court to compel defendant to "produce the land address of the Boscobel EMS Service," which I assume is the non-party ambulance service that defendant identified in response to Burgess's request. Dkt. 89, at 1. Burgess didn't make this request in his opening brief, so defendant didn't have an opportunity to respond to it. *See Mendez v. Perla Dental*, 646 F.3d 420, 423–24 (7th Cir. 2011) ("arguments raised for the first time in the reply brief are waived"). Also, it is not clear from Burgess's filings how defendant responded to his request for the Boscobel EMS address, because the discovery documents he attaches to his brief omit the relevant portion of defendant's response. *See* Dkt. 89-1, ¶ 11 (defendant's response to Burgess's discovery request is cut off mid-sentence). Because Burgess did not raise this issue in his opening brief and it is not clear how defendant responded to his request for the Boscobel EMS address, I will deny the motion to compel. Burgess should attempt to confer with defendant's counsel about his request for the Boscobel EMS address to see if he will provide it to him. If he does not, Burgess may renew his motion to compel.

**E. Motions related to Burgess's proposed findings of fact and declarations**

Burgess has filed three motions aimed at clearing up any confusion about the materials he has submitted in support of his motion for summary judgment. *See* Dkt. 113; Dkt. 122; Dkt. 125. Burgess filed a motion for summary judgment on October 31, 2019, Dkt. 92, but that motion wasn't accompanied by the statement of proposed findings of fact required under

6

this court's summary judgment procedures. Burgess did file four declarations in support of his motion, *see* Dkt. 94; Dkt. 95; Dkt. 103; Dkt. 104, but those declarations did not contain statements declaring that their contents were true and correct under penalty of perjury, as required under 28 U.S.C. § 1746.

Burgess filed his proposed findings of fact on November 7, 2019. *See* Dkt. 115. In the accompanying motion, he explained that he had submitted his proposed findings of fact to the WSPF librarian on October 30, 2019, but that the librarian had failed to scan and submit them. *See* Dkt. 113. I agreed to accept Burgess's proposed findings of fact as timely filed and ordered defendant to respond to them. *See* Dkt. 121. Burgess also cured the defects in his declarations by submitting statements that complied with 28 U.S.C. § 1746. *See* Dkt. 117 and Dkt. 128. Burgess asks me to accept his declarations as timely filed, Dkt. 125, and I will do so.

Burgess's summary judgment materials now appear to be in order. Burgess raises several additional issues in his motions, but it is not clear what relief he is seeking. For instance, in Dkt. 113, Burgess says that he submitted 253 pages of exhibits in support of his motion for summary judgment, but that the WSPF librarian filed only 153 pages. (In fact, Burgess's exhibits total 165 pages. *See* Dkt. 95-1.) Burgess doesn't explain what the missing exhibits are. But if Burgess believes that exhibits are missing, he should promptly re-file them. Williams has also filed a letter, Dkt. 130, in which he expresses concerns that the WSPF librarian attempted to sabotage Burgess by failing to e-file the corrected declarations in support of his motion for summary judgment. The letter isn't signed by Burgess, so I can't consider it. But e-filing mishaps aside, I have agreed to accept the declarations as timely filed and compliant with 28 U.S.C. § 1746. That should resolve the issue.

Burgess also asks me to send defendant's Exhibits 1000 and 1001 to Williams. Dkt. 125, at 1. But I will not do that for the reasons explained above. Burgess is the litigant in this case, and he is responsible for sharing documents with the individuals assisting him.

**F. Motion to compel defendant to provide $100 in postage so that Burgess can submit his opposition to her motion for summary judgment**

Finally, Burgess has filed a motion asking the court to compel defendant to provide Burgess with $100 in postage to mail his opposition to defendant's motion for summary judgment. He says that he "needs a remedy to assure all [materials] get[] to this court." Dkt. 105, at 1. I will deny that motion. I understand that the e-filing process has been difficult for Burgess, but I have received his materials. Indeed, despite the reported concerns about the WSPF librarian, Burgess has managed to file more than 20 separate documents on the docket in November alone. In light of this, I am not persuaded that Burgess's access to the court is being impeded.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Burgess's renewed motions for assistance in recruiting counsel, Dkt. 77, Dkt. 90 and Dkt. 111, are DENIED.

2. Burgess's motion to reconsider, Dkt. 78, is DENIED.

3. Burgess's motion requesting that Travis Williams be treated as counsel for purposes of this case, Dkt. 79, is DENIED.

4. Burgess's motion to compel, Dkt. 85, is DENIED.

5. Burgess's motion asking the court to accept his declarations as timely, Dkt. 125, is GRANTED. Burgess's request that the clerk's office send copies of Exhibits 1000 and 1001 to Travis Williams is DENIED.

6. Burgess's motions seeking to resolve the confusion about the status of his declarations and proposed findings of fact, Dkt. 113 and Dkt. 122, are DENIED as moot.

7. Burgess's motion to compel defendant to provide $100 in postage, Dkt. 105, is DENIED.

Entered November 27, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge